IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CINDY LOU YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-00364-CV-RK |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED and REMANDED** for further consideration.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966. The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined Plaintiff to have a severe impairment of mild intellectual disability. The ALJ also determined Plaintiff had a non-severe impairment of obesity and a non-medically determinable impairment of knee impairment. However, the ALJ found none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can perform simple, routine, repetitive 1-2 step tasks, requiring no more than rudimentary reading and writing skills in other than fast-paced production environment. Although the ALJ found Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal Plaintiff alleges the ALJ erred because the RFC is unsupported by substantial evidence and the ALJ did not fulfill his burden at Step five.

Plaintiff argues the ALJ erred because he did not include any math limitations in the RFC. The Court finds Plaintiff's argument persuasive. The ALJ afforded the opinion of Bryce T. Gray, PsyD, considerable weight. (Tr. 20.) Dr. Gray noted Plaintiff could not do serial sevens and had trouble performing simple math. (Tr. 268.) Dr. Gray also opined Plaintiff needs help with money management from an aunt. (Tr. 270.) He diagnosed Plaintiff with a mild intellectually disability. (Tr. 270.) While the ALJ afforded this opinion considerable weight, he did not account for Plaintiff's math limitations in the RFC and did not explain why those limitations were not adopted. *See* SSR 96-8p; *Crews-Cline v. Colvin*, No. 4:13-CV-00723-NKL, 2014 WL 2828894 (W.D. Mo. June 23, 2014) (finding that ALJ who gave opinion "great weight," but then failed to explain why parts of the RFC are inconsistent with that opinion constitutes reversible error); *Neeley v. Berryhill*, 2017 WL 4074614 (W.D. Mo. Sept. 14, 2017) (same); *Winsea v. Colvin*, Case No. 4:15-CV-00385-ODS-SSA, 2016 WL 1688018 (W.D. Mo. Apr. 27, 2016) ("[T]he ALJ did not explain why she did not include Dr. Mukherjee's opinions with regard to other limitations in her RFC.") Additionally, Dr. Adams administered the WRAT-5 (Wide Range Achievement Test-5th Edition).

2

Plaintiff obtained extremely low scores in math computation, performing at a first-grade level in math computation. (Tr. 312.) Plaintiff had similar scores and limitations on her reading and writing as well. (Tr. 312.) Significantly, while the ALJ provided limitations for reading and writing, he did not provide specific limitations for math. Additionally, while the ALJ gives some reasons for discounting some evidence, he gives no specific reasons for not including limitations for math. This is reversible error, especially here, where the two jobs identified by the vocational expert ("VE") would have been eliminated as they both require the ability to "[a]dd and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound." 389.683-010 Sweeper-cleaner, Industrial, DICOT 389.683-010.[1] As such, the hypothetical question given to the VE was flawed as well. Accordingly, the matter will be remanded for further consideration.

Because the RFC, evaluation of the various medical evidence, and any additional hypothetical question to a vocational expert may be affected on remand and a reconsideration of the RFC, the Court does not find it necessary to address any of Plaintiff's remaining arguments.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes substantial evidence on the record as a whole does not support the ALJ's decision. IT IS THEREFORE ORDERED the decision of the ALJ is **REVERSED and REMANED** for further consideration.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 13, 2021

---

[1] The Court omits the citation to Stocker DOT No. 922.687-058, the other job the ALJ determined Plaintiff could perform, because the Government concedes Plaintiff's limitations would preclude her from that job.

3